IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GARY M. SULLIVAN**  Case No. 2:13-cv-0497
 JUDGE GREGORY L. FROST
 Plaintiff, Magistrate Judge King

v.

**DELAWARE MUNICIPAL COURT,**

 Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Delaware (Ohio) Municipal Court's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and the memorandum contra filed by Plaintiff Gary M. Sullivan. (ECF Nos. 5, 7.) For the reasons set forth below, the Court finds that the *Rooker-Feldman* doctrine divests this Court of subject matter jurisdiction over Plaintiff's Complaint. Accordingly, the Court **GRANTS** Defendant's motion and dismisses this action.

**I.**

Plaintiff commenced this action *pro se*. His Complaint alleges a civil rights violation by Defendant Delaware Municipal Court ("Delaware") arising out of prior convictions for driving under the influence of alcohol ("DUI"). Plaintiff's "Statement of Claim" in his Complaint reads in its entirety:

> The Defendant deprived Plaintiff of his civil rights through causing his incarceration. Plaintiff's incarceration was contrary to Ohio law and Plaintiff has exhausted his appeals through the Ohio Courts. Specifically, a 2007 DUI dismissal was appealed to the Delaware Court of Appeals and the dismissal was reversed. Subsequently, Plaintiff was given jail time and placed on probation and his driver's license was suspended for ten years.

> In 2010 Plaintiff was convicted of DUI, failure to have driver's insurance, and fictitious plates. Plaintiff was sentenced to 250 days in jail and placed on five years' probation. Court Costs were also ordered and exceed two thousand dollars.
>
> Plaintiff now states that he was improperly sentenced under the second DUI conviction. Plaintiff was sentenced under the belief that he had two DUI convictions within six years, when in fact the Plaintiff had one such conviction within six years.

(Compl., ECF No. 2.) In his prayer for relief, Plaintiff "requests that his license suspension be terminated by the Court and that the Court Costs ordered to be paid be terminated." (*Id.*)

The "DUI dismissal" referred to by Plaintiff was a dismissal of a 2007 DUI charge after the trial court granted a motion to suppress all evidence seized in connection with the traffic stop that led to Plaintiff's arrest. *See State v. Sullivan*, 5th Dist. No. 07CAC120067, 2008-Ohio-896 at ¶ 2 (Ohio Ct. App. Mar. 3, 2008). A state court of appeals reversed the suppression of evidence (*id.* at ¶ 15) and Plaintiff was subsequently convicted of DUI. (Def.'s Mot., ECF No. 5 at PageID# 10.)

In 2011, Plaintiff was again convicted in the Delaware Municipal Court of DUI. *See Sunbury v. Sullivan*, No. 11CAC030025, 2012-Ohio-3699, at ¶ 1 (Ohio Ct. App. Aug. 13, 2012). In addition to DUI, Plaintiff was convicted of using fictitious license plates and driving under suspension. *Id.* The trial court sentenced Plaintiff to 250 days in jail, a monetary fine, a 10-year driver's license suspension, and five years of community control. *Id.* at ¶ 16. The court of appeals affirmed Plaintiff's conviction. *Id.* at ¶ 51. A reading of the state court of appeals' opinion does not indicate that Plaintiff raised the propriety of his sentence as an issue on appeal.

In the lawsuit before this Court, Plaintiff contends that the sentence imposed for his second DUI conviction was contrary to Ohio law. His lawsuit alleges that the improper sentence is a civil rights violation and asks that this Court terminate his license suspension and the state court's order that Plaintiff pay court costs in connection with the state court proceedings.

## II.

Defendant moves to dismiss this case for want of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and/or under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which the Court may grant relief.  Both the Rule 12(b)(1) and Rule 12(b)(6) branches of Defendant's motion, however, focus upon the jurisdiction of this Court to grant the relief sought in Defendant's Complaint.  For example, in arguing that Plaintiff's Complaint fails to state a claim upon which relief can be granted, Defendant argues that the Court "does not have the authority to order a state trial court to modify an otherwise lawfully imposed sentence" and that Plaintiff is "essentially attempting to appeal his conviction in Federal court."  (Def.'s Mot., ECF No. 5 at PageID# 12.)  The Court construes this argument as invoking the *Rooker-Feldman* doctrine as a jurisdictional bar to Plaintiff's Complaint.  Thus, the Court treats Defendant's motion as simply a motion to dismiss for want of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

"A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).  "A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).  The Court construes Defendant's jurisdictional attack in this case as a facial attack on Plaintiff's Complaint. *See, e.g., Hillman v. State of Ohio*, No. 2:11-cv-607, 2012 U.S. Dist. LEXIS 65222 at *5 (S.D. Ohio May 9, 2012) (construing defendant's *Rooker-Feldman* argument as a facial attack upon subject matter jurisdiction), *aff'd*, 2012 U.S. Dist. LEXIS 118237 (S.D. Ohio Aug. 21, 2012).

The *Rooker-Feldman* doctrine teaches that a federal district court cannot engage in appellate review of state judicial proceedings. *See generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the source of the injury upon which plaintiff bases his federal claim is the state court judgment." *In re Squire*, 617 F.3d 461, 465 (6th Cir. 2010) (internal quotations omitted). In this case, the face of Plaintiff's Complaint shows that the source of the injury complained of is the state court judgment convicting Plaintiff for DUI in 2011.

The gravamen of Plaintiff's claim is that the Delaware Municipal Court treated Plaintiff's 2011 DUI conviction as if it were his third DUI conviction within six years when it was actually his second. According to Plaintiff, this mistaken premise rendered his sentence contrary to Ohio law. Going a step further, he asks this Court to terminate both the license suspension and the order to pay court costs that the state court imposed as part of his sentence.

Plaintiff's Complaint fits the *Rooker-Feldman* paradigm. Plaintiff is a state-court loser challenging the validity of a state-court judgment rendered before he commenced proceedings in this Court. *See Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007) (quoting *Lance v. Dennis*, 546 U.S. 459, 126 S. Ct. 1198, 1200, 163 L. Ed. 2d 1059 (2006)). In asking for this Court to overturn aspects of the sentence imposed by the state trial court, Plaintiff is necessarily complaining of an injury from the state court judgment itself. *See Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006) (noting that the *Rooker-Feldman* doctrine applies "only when a plaintiff

complains of injury from the state court judgment itself"). This is precisely the type of claim over which a district court lacks jurisdiction under the *Rooker-Feldman* doctrine.

### III.

Under the *Rooker-Feldman* doctrine, this Court lacks subject-matter jurisdiction over Plaintiff's Complaint. The Court therefore **GRANTS** Defendant's motion to dismiss (ECF No. 5) and hereby **DISMISSES** this action.

**IT IS SO ORDERED**.

                                                 **/s/ Gregory L. Frost**
                                                 **GREGORY L. FROST**
                                                 **UNITED STATES DISTRICT JUDGE**